Nicolas M. Lezotte (State Bar Number 257207)
Heather E. Gibson (State Bar Number 240938)
LAW OFFICES OF NICOLAS LEZOTTE, P.C.
20398 Blauer Drive
Saratoga, CA 95070
(408) 359-1035
(408) 359-1102 (fax)
NickLezotte@Gmail.com
**Attorneys for Plaintiff,**
**BAY AREA SURGICAL MANAGEMENT, LLC.**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BAY AREA SURGICAL MANAGEMENT, LLC., (A limited liability company) | **Case No.  3:12-cv-01421-SI** |
| Plaintiff | **BAY AREA SURGICAL MANAGEMENT LLC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO REMAND** |
| vs. | |
| UNITED HEALTHCARE INSURANCE COMPANY (A Utah Corporation), DOES 1 through 25, inclusive, | **DATE:**   **August 8, 2012** <br> **TIME:**   **9:00 a.m.** <br> **DEPT:**   **Courtroom 10** <br> **JUDGE:**   **Honorable Susan Illston** |
| Defendant | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff BAY AREA SURGICAL MANAGEMENT, LLC ("BASM"), is an ambulatory surgical management group that brings this instant action against UNITED HEALTHCARE INSURANCE COMPANY ("UNITED") based on theories of breach of oral contract and affirmative misrepresentation.  ECF No. 7 (First Amended Complaint or "FAC") at  ¶ 32, 33, 47. More specifically, BASM is alleging California State law causes of action for (1) Breach of Contract; (2) Violation of Business and Professions Code §17200 et seq; (3) Negligent Misrepresentation; (4) Promissory Estoppel; and (5) Equitable Estoppel.  These state-law causes of action stem from an April 20, 2011 telephone conversation between a BASM employee and a UNITED employee named "Candice," whereby UNITED authorized and orally agreed to compensate BASM for 70% of the charges for the surgical procedures performed by BASM. FAC at ¶ 20.   BASM is not asserting any causes of action as an assignee of a plan beneficiary to recover benefits under an Employee Retirement Income Security Act (ōERISAö) plan, but instead relies solely on its own independent state-law causes of action against UNITED to enforce oral promises of payment made by UNITED.   ERISA, therefore, will not completely preempt BASM's state-law breach of oral contract and tort causes of action.  No federal question is at issue, and therefore this Court does not have subject matter jurisdiction over BASM's causes of action.  Further, the damages requested in the FAC of $74,500 will not satisfy the $75,000 amount in controversy requirement for diversity of citizenship jurisdiction. As a result, UNITED has no basis for original jurisdiction.  This Court should therefore remand the case back down to State Court.

## II.   PROCEDURAL HISTORY

BASM brought the instant action on February 16, 2012 in the Superior Court of Santa Clara, and served UNITED on February 21, 2012.  UNITED then noticed the removal of this matter on March 16, 2012.  UNITED subsequently filed its Federal Rules of Civil Procedure (ōFRCPö) 12(b)(6) Motion to Dismiss on April 20, 2012.  BASM then filed its First Amended Complaint concurrently along with its opposition to UNITED's Motion to Dismiss on May 4,

1  2012.  UNITED followed by filing a new Motion to Dismiss on May 21, 2012 to which BASM

2  filed an opposition on June 4, 2012.

3      BASM hereby moves to remand the instant matter pursuant to 28 U.S.C. § 1332, 1446,

4  and 1447.

5  **III.    ARGUMENT**

6      **A.    Standard of Review**

7      A Motion to Remand is the proper procedure for challenging removal.  Remand to state

8  court may be ordered either for lack of subject matter jurisdiction, or for any defect in removal

9  procedure. 28 U.S.C. § 1447(c).  The court may remand *sua sponte* or on motion of a party, and

10  the party who invoked the court's removal jurisdiction has the burden of establishing federal

11  jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F. 2d 1190, 1195 (9th Cir. 1988) (citing *Wilson*

12  *v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); *Toumajian v. Frailey* 135 F.3d 648, 652

13  (9th Cir. 1998).  Moreover, lack of subject matter jurisdiction may be raised "at any time before

14  final judgment." 28 U.S.C. § 1447.

15      The "well-pleaded" complaint rule makes the plaintiff the "master of the claim" for

16  purposes of removal jurisdiction. *Caterpillar Inc. v. Williams* 482 U.S. 386, 392 (1987).  This

17  means that absent diversity a case is removable only where a federal question is presented on the

18  face of plaintiff's petition: "The party who brings the suit is master to decide what law he will

19  rely upon*." Id.* at 392, n. 7.

20      The removal statute is strictly construed against removal jurisdiction and doubt is

21  resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F. 2d 1062, 1064 (9th Cir.

22  1979); *Moore-Thomas v. Alaska Airlines Inc.,* 555 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*

23  *Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)); *Emrich v. Touche Ross & Co.*, 846 F. 2d 1190,

24  1195 (9th Cir. 1988) (citing *Libhart*, 592 F.2d at 1064).

25  //

26

27  //

28

**B.     This Court Lacks Subject Matter Jurisdiction Over BASM's State-Law Causes of Action Because They Do Not Arise Under ERISA**

In its notice of removal, UNITED relies on federal question jurisdiction as its ground for removal.  In order to remove under federal question jurisdiction, a defendant must show that the claims brought against it arise under the U.S. Constitution, federal statutes, or treaty. U.S. Const. Art. III, § 2; 28 U.S.C. § 1441.  UNITED makes one single argument supporting federal question jurisdiction.   UNITED argues that BASM's state law claims are completely preempted by ERISA.  UNITED's analysis, however, is incorrect.

**1.     <u>BASM's independent state-law claims are not completely preempted by ERISA, no federal question has arisen, and therefore this court lacks subject matter jurisdiction and should remand the case back down to state court.</u>**

UNITED contends that BASM's independent state-law claims are completely preempted without providing a shred of supporting law.  The Ninth Circuit has determined that under ERISA § 502(a), complete preemption is "really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Marin General Hosp. v. Modesto & Empire Traction Co.* 581 F.3d 941, 945 (9th Cir. 2009). Removal is proper only if claims are completely preempted. *Id.* at 944.

Therefore, a party that seeks removal based on federal question jurisdiction "must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction." *Id.* at 945.

The Supreme Court in the recent landmark decision of *Aetna Health Inc. v. Davila* formulated a two-prong test for determining whether state-law causes of action are completely preempted by § 502(a). *Aetna Health Inc. v. Davila,* 542 U.S. 200, 201 (2004).  A state-law cause of action is completely preempted if 1.) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and 2.) "where there is no other independent legal duty that is implicated by a defendant's actions." *Id.*; *Marin General Hosp.,* 581 F.3d at 946. Both prongs of the test must be satisfied. *Id.* Here, neither prong is satisfied by the facts of this case, BASM's state-law claims are not completely preempted, no federal question has arisen,

and therefore the Court is without subject matter jurisdiction and should be remanded back to state court.

      a. ***Davila's* first prong is not satisfied and BASM could not have "at some point in time… brought [its] claim[s] under ERISA 502(a)(1)(B)" since BASM has no standing to bring an action under ERISA, and furthermore does not rely on any assignment of benefit from the patient "to recover benefits due to [the patient] under the terms of the [ERISA] plan."**

      BASM could not have "at some point in time" brought [its] claim[s] under ERISA 502(a)(1)(B)," because ERISA 502(a)(1)(B) only allows a "plan beneficiary" or "participant" to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." BASM brought its claim independent of any patient's assignment of benefits, in its own right, relying exclusively on its own state-law causes of action to enforce oral promises of payment made by UNITED. BASM did not seek to recover benefits due to the patient under the terms of his or her plan, enforce the patient's right, or to clarify benefits.

      BASM is not a "plan beneficiary" or "participant" and has no standing to bring an action under ERISA 502(a)(1)(B). BASM has brought suit as an ambulatory surgery management group, not as a "plan beneficiary" or "participant." An ambulatory surgery provider and/or management group's suit against an ERISA plan for payment is generally not subject to removal because the provider is neither an ERISA "beneficiary" nor a "participant." *Hermann Hospital v. MEBA Medical & Benefits Plan* 845 F.2d 1286, 1288-1289 (5th Cir. 1988); *Blue Cross of California v. Anesthesia Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1053 (9th Cir. 1999) (holding that providers' claims did not affect the relationship between the plaintiff and its beneficiaries.)

      Congress made no provision in ERISA 502(a)(1)(B) for persons other than participants and beneficiaries to sue, including persons purporting to sue on their behalf. In addition, the Ninth Circuit has observed that prior precedent "implicitly adopted the view that section 1132 must be read narrowly and literally." *Graham v. Balcor Company,* 146 F. 3d 1052, 1054 (9th Cir. 2001).

      ERISA carefully enumerates the parties entitled to seek relief under ERISA's civil enforcement provisions. 29 U.S.C. § 1132(a). It does not provide anyone other than participants,

beneficiaries, or fiduciaries with an express cause of action for a declaratory judgment on the issues in this case.  A suit for similar relief by some other party does not "arise under" that provision. *Metropolitan Life Ins. Co. v. Taylor* 481 U.S. 58, 64 (1987.) The Supreme Court has held that non-enumerated parties may not bring an ERISA action.  *Schrader v. Hamilton*, 959 F. Supp. 1205, 1210 (C.D. Cal. 1997).

Indeed, "it would be contradictory to rule that state law claims are preempted where the court has already held that the same plaintiffs may not assert a claim under ERISA because they are not ‑participants' in the ERISA plan." *Deller v. Portland Gen. Elec. Co.,* 734 F.Supp. 916, 918 (D.Or.1990). "Unlike the Chesire [sic] Cat, one cannot have the smile of preemption without the stripes of participation." *Baird v. CSX Corp.,* 704 F.Supp. 100, 103 (W.D.Va.1989).  BASM is not a "participant" as defined under ERISA.  BASM has asserted five unique causes of action under California State Law on its own behalf, irrespective of the assignment of benefits executed by the patient.

Therefore, the first prong of *Davila's* two-prong test fails because BASM was neither a "plan beneficiary" nor a "participant" and does not have standing.  BASM could not "at some point in time‑  brought [its] claim[s] under ERISA 502(a)(1)(B)," in fact, it never could.

BASM is not seeking to recover benefits due to the patient, enforce the patient's rights under the terms of the plan, or even to clarify the patient's right to future benefits, BASM is simply relying on its own independent state-law claims based on an April 20, 2011 oral contract and promise made by UNITED to BASM.

For the aforementioned reasons, it would be impossible for BASM to bring suit under 502(a)(1)(B)," since BASM's First Amended Complaint relies completely on state-law causes of action.  Under 502(a)(1)(B), a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132. A provider's state law claims for breach of an oral contract are not removable because they are not for benefits due under the plan and cannot be brought under 501(a)(1)(B). *Marin General Hosp. v. Modesto & Empire Traction Co.*  581 F.3d 941, 949 (9th Cir. 2009).  BASM is not

seeking to recover the patient's benefits, enforce the patient's rights, or even clarify the patient's rights. BASM is simply seeking in its own right separate and independent of the patient to enforce an oral contract and promise of payment made by UNITED to BASM. BASM therefore could not bring its state-law claims under 502(a)(1)(B).

The facts at issue are indistinguishable from those set forth in *Marin General Hosp.* In *Marin General Hosp.,* a hospital employee telephoned Modesto & Empire Traction Co. ("Modesto"), a medical benefits administrator to confirm that a patient was insured through an ERISA employer provided plan. *Id.* at 943. An employee of Modesto orally confirmed the patient's coverage, authorized the medical procedure, and agreed to cover 90% of the patient's medical charges. *Id.* After the action was filed, Modesto removed the action to federal court, and the district court denied the hospital's motion to remand and dismissed the complaint. On appeal the Ninth Circuit concluded that the first prong of *Davila's* preemption test was not satisfied because "the Hospital's state-law claims based on its alleged oral contract with [Modesto] were not brought, and could not have been brought, under § 502(a)(1)(B)." *Id.* at 949. The court determined that Modesto's obligation to pay did not stem from the ERISA plan but rather stemmed "from the alleged oral contract between the Hospital and [Modesto]." *Id.* at 948. The Ninth Circuit then held that hospital's state-law claims could not be brought under § 502(a)(1)(B), and ordered the case remanded back to state court.

Here, just as in *Marin General Hosp.,* BASM's state law causes of action stem from an April 20, 2011 conversation it had with UNITED, whereby a UNITED employee named "Candice" authorized and orally agreed to pay 70% of the patient's surgical charges. FAC at ¶ 20. BASM's causes of action have nothing to do with the patient's contract with UNITED, but rely exclusively on promises of payment made directly by UNITED to BASM. Since BASM's state-law causes of action were not for benefits due under the patient's plan, they could not have been brought under § 502(a)(1)(B), and therefore this Court should follow *Marin General Hosp.* and remand the case back to state court.

//

//

**b.** ***Davila's*** **second prong is not satisfied because Plaintiff's claims rely on legal duties that are independent from duties under the patient's ERISA plan.**

BASM's causes of action rely exclusively on state-law and therefore are independent from duties under the patient's ERISA plan.  The operative question under the second prong of *Davila* is whether "there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health Inc. v. Davila* 542 U.S. 200, 210 (2004); *Marin General Hosp. v. Modesto & Empire Traction Co.*  581 F.3d 941, 949 (9th Cir. 2009).  Under this prong, "[i]f there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." *Marin General Hosp.,* 581 F.3d at 949.  Additionally, "[w]e do not ask whether that legal duty provides for a similar remedy, such as the payment of money." *Id. at* 950.

In *Marin General Hosp.*, the Ninth Circuit held that the plaintiff hospital's causes of action for breach of an implied contract, breach of an oral contract, negligent misrepresentation, quantum meruit, and estoppel were state law claims based on an oral contract between the plaintiff and defendant.  The court further held that the plaintiff's causes of action were "in no way based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, they are based on 'other independent legal dut[ies]' within the meaning of *Davila*." *Id.*

Here, the BASM's causes of action for breach of contract; violation of business and professions code §17200 et seq; negligent misrepresentation; promissory estoppel; and equitable estoppel are almost identical to those of the Plaintiff in *Marin General Hosp.*  Additionally, as mentioned above, BASM is not relying on any assignment of benefit from the patient in bringing its claims against United, but is rather relying exclusively on a April 20, 2011 oral contract between BASM and United.  Therefore just like in *Marin General Hosp.,* BASMs claims are based on legal duties independent of ERISA, the second prong of *Davila* fails, and the court should remand this case down to state court.

//

//

**C.    This Court Lacks Subject Matter Jurisdiction Over BASM's State-Law Causes of Action Because No Diversity of Citizenship Exists.**

Removal to federal court is proper under diversity jurisdiction only when a case originally filed in state court is between citizens of different states and involves an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a).  For purposes of removal, ōThe removal statute is strictly construed against removal jurisdiction [and][t]he defendant bears the burden of establishing that removal is proper.ö *Provincial Gov't of Marinduque v. Placer Dome*, Inc., 582 F.3d 1083, 1087 (9th Cir.2009) (citations omitted).

Additionally, ōWhere doubt regarding the right to removal exists, a case should be remanded to state court.ö *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir.2003).  If the amount of damages sought by plaintiff is unclear, defendant must also allege and ōbears the burden of actually proving the facts to supportí the jurisdictional amountö ($75,000). *Gaus v. Miles, Inc.,* 980 F. 2d 564, 567 (9th Cir. 1992).

Defendant UNITED has not asserted diversity of citizenship as a ground for removal in its notice of removal, nor has alleged any facts in support.  This is because UNITED has no basis for subject matter jurisdiction based on diversity of citizenship.  A party seeking removal must allege facts in its notice of removal sufficient to show "both when the action was commenced in the state court and when the removal-petition was filed, [that] the plaintiff and the defendant were not citizens of the same state." *Wenger v. Western Reserve Life Assur. Co. of Ohio* 570 F.Supp. 8, 10 (MD TN 1983) ("The failure of the defendant to allege such facts constitutes a fatal deficiency which cannot be corrected unless an offer to amend the removal-petition is made within the 30-day statutory-period prescribed for filing such petitions"); *Hubbard v. Tripp* 611 F.Supp. 895, 896 (ED VA 1985).

BASM, in its prayer for damages in its FAC has alleged damages of $74,500.  This amount is below the amount in controversy of $75,000 necessary for diversity jurisdiction.  Thus no diversity of citizenship exists and no tenable argument in support of removal remains.

//

//

## IV.     CONCLUSION

For all of the foregoing reasons, Plaintiff BASM requests that this Court grant BASM's Motion to Remand.

*Respectfully Submitted:*

Dated:  June 15, 2012                           **LAW OFFICES OF NICOLAS LEZOTTE, P.C.**

*/s/ Heather E. Gibson*

By:_____
        Heather E. Gibson, Attorney for Plaintiff
        BAY   AREA   SURGICAL   MANAGEMENT,
        LLC. (A limited liability company)