Nicolas M. Lezotte (State Bar Number 257207)
Heather E. Gibson (State Bar Number 240938)
LAW OFFICES OF NICOLAS LEZOTTE, P.C.
20398 Blauer Drive
Saratoga, CA 95070
(408) 359-1035
(408) 359-1102 (fax)
heathergibson1@gmail.com
**Attorneys for Plaintiff,**
**BAY AREA SURGICAL MANAGEMENT, LLC.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BAY AREA SURGICAL MANAGEMENT, LLC. (a limited liability company),<br><br>     Plaintiff<br><br>vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY (a Utah Corporation), and DOES 1 through 25, inclusive,<br><br>     Defendants. | Case No.  3:12-cv-01421-SI<br><br>**PLAINTIFF'S REPLY TO UNITED HEALTHCARE INSURANCE COMPANY'S OPPOSITION TO MOTION TO REMAND**<br><br>DATE:     August 10, 2012<br>TIME:      9:00 a.m.<br>DEPT:      Courtroom 10 |

## I.    INTRODUCTION

Plaintiff Bay Area Surgical Management, LLC ("Plaintiff" or "BASM") is an ambulatory surgery management group that has brought this action against Defendant United Healthcare Insurance Company ("Defendant" or "United") based on affirmative promises and misrepresentations made directly by employees and/or agents of United to Plaintiff with respect to a surgery scheduled to be performed upon a patient insured by United.

The claims alleged in the initial Complaint arise independently of ERISA. They are state-law claims that are in no way based on an obligation under an ERISA plan. Whereas United attempts to confuse and conflate the issue in an attempt to avoid a remand back to state

**Plaintiff's Reply to Opposition to Motion to Remand**
**Case #: CV 12-01421-SI**

- 1 -

court, the Ninth Circuit made clear in *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009), under identical facts, that the same claims could *not* be brought under ERISA; that the claims were predicated on independent legal obligations; and that the action therefore was not completely preempted by ERISA. The Court should reach the same result here and grant Plaintiff's Motion for Remand.

## II.   LEGAL ARGUMENT

### A.   Plaintiff May Plead in the Alternative

In its Motion to Dismiss, United selectively excises various allegations from the initial complaint in order to lend some credibility to its contention that Plaintiff's claim is based solely on an "assignment of rights" theory. In so doing, United fails to acknowledge that a plaintiff may plead its claims in the alternative. United also overlooks several other pertinent allegations of the initial complaint, including the following:

- "The insured patient assigned her rights to BASM for the purposes of litigating this claim on or about April 20, 2011. Based on this assignment of rights, Plaintiff BASM now stands in the shoes of the patient who underwent the underpaid surgery in pursuing each Cause of Action against UNITED stated below, *however, BASM expressly reserves the right to sue on its own behalf, as a provider, in addition to the right to sue on behalf of the Patient*." Initial Complaint, ¶ 4 (emphasis added).

- "This case is not pre-empted by Federal ERISA law, because plaintiff has alleged direct causes of action against its patient's insurer, for breach of contract, negligent misrepresentation, promissory estoppel and equitable estoppel. [Citing cases]." Initial Complaint, ¶ 11.

- "***Defendant has therefore breached its written contract with plaintiff***, who has been damaged thereby in the sum of the difference between the amount of the allowed by UNITED, and the amount outstanding, or $81,560.51 plus interest at the legal rate from and after the date due according to proof, and plus additional damages including the costs

**Plaintiff's Reply to Opposition to Motion to Remand**
**Case #: CV 12-01421-SI**

of this lawsuit as stated below according to proof." Initial Complaint, ¶ 37 (emphasis added).

- "Defendant UNITED further illegally attempted to persuade plaintiff into agreeing to take less than the contracted amount for services rendered, on numerous occasions, in a bad faith attempt at settlement, in violation of California Insurance Code § 790.03 and also in contravention of California Business and Professions Code § 17200 *et seq.*" Initial Complaint, ¶ 42.

- "***Defendant UNITED owed a duty to BASM*** to give it accurate statements of fact with respect to the pre-authorization of surgeries scheduled to be performed on those BASM patients insured by UNITED." Initial Complaint, ¶ 47 (emphasis added).

- "BASM justifiably relied on UNITED's misrepresentations as set forth above, and went forward with the procedure, reasonably expecting to be reimbursed at the very least in the amount of 70% of the billed price of the surgery pursuant to the express statements from UNITED, that BASM, as an out of contract provider would be paid at least 70% of the authorized, billed amount." Initial Complaint, ¶ 50.

- "As a direct and proximate cause of the misrepresentations made to BASM, BASM went forward with the patient's surgery, and payment was not made at the contracted for amount, and therefore BASM has suffered damages as a result of its reliance upon UNITED's misleading and incorrect statements." Initial Complaint, ¶ 52.

Under the Federal Rules of Civil Procedure, a plaintiff is permitted to plead its claims in the alternative: "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. *If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient*." Fed. R. Civ. P. 8(d)(2) (emphasis added). *See also McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990); *Ayers v. United States*, 277 F.3d 821, 828 (6th Cir. 2002) (alternative pleadings are not disfavored).

**Plaintiff's Reply to Opposition to Motion to Remand**
**Case #: CV 12-01421-SI**

Similarly, Rule 8(a) does not require the plaintiff to explicitly designated alternative claims "as long as it can be reasonably inferred that this is what [he or she was] doing." *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000); *Coleman v. Standard Life Ins. Co.*, 288 F.Supp.2d 1116, 1120 (E.D. Cal. 2003).

In light of the allegations set forth above, where Plaintiff makes clear its intent to proceed upon alternative theories of recovery, it seems disingenuous for United to contend that it could not be "reasonably inferred" that Plaintiff (in its Initial Complaint) was doing so.

### B. Claims Predicated upon Alternate Theories Are Insufficient for Federal Question Jurisdiction

A claim supported by alternate theories is not sufficient for federal question jurisdiction unless federal law is essential to each of those theories. *Christianson v. Colt Industries Operating Corp.*, 466 U.S. 800, 810 (1988). Thus, no federal question jurisdiction exists where, as here, several claims were joined in the initial complaint and alternative state law theories exist for each of those claims. *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004).

In its Opposition, United appears to suggest that removal is appropriate in light of the "artful pleading" doctrine. But that doctrine does not apply where the plaintiff has an alternative state law claim. The "artful pleading" limitation refers to situations where plaintiff's only claim is a federal one. It does not apply where plaintiff has a viable state law claim, as well as a federal claim, and simply chooses to sue on the state claim. Such a case is not removable on federal question grounds. *See, e.g.*, *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006); *Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F.2d 477, 479 (9th Cir. 1990).

Here, Plaintiff has made clear (in its Initial Complaint) that it was proceeding on alternate theories of recovery. The assignment of benefits allegation was merely an alternative theory of recovery that was plead in addition to Plaintiff's direct state-law claims. Because Plaintiff has sufficiently alleged alternative state-law claims, remand back to state court is appropriate.

**Plaintiff's Reply to Opposition to Motion to Remand**
**Case #: CV 12-01421-SI**

### C. *Marin General* Controls this Case; ERISA Does Not Preempt Plaintiff's Claims

The reasoning in support of why case should be remanded back to state court is perhaps best explained by reviewing the facts and the legal analysis of the case that controls this issue: *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 943 (9th Cir. 2009). Rarely in litigation does one find a case with facts and law that is legitimately on "all-fours" with a particular legal issue. But *Marin General* is such a case.[1]

In *Marin General*, the Ninth Circuit considered the same issue that United attempts to raise here; i.e., whether ERISA completely preempts a state-law action for breach of contract, negligent misrepresentation, and estoppel. *Id.* at 943. In *Marin General*, the Ninth Circuit held that because the state-law claims could not be pursued under ERISA, and because the state-law claims relied on legal duties that were independent from duties under any benefit plan established under ERISA, the state-law claims were *not* completely preempted. *Id.* at 943. The same result is appropriate here.

In *Marin General*, the plaintiff-hospital alleged in its complaint that it had telephoned the defendant-insurance company to confirm that a prospective patient had health insurance through an ERISA plan provided by the prospective patient's employer. *Id.* at 943. The plaintiff-hospital also alleged that the insurance company orally verified the patient's coverage, authorized treatment, and agreed to cover 90% of the patient's medical expenses at the hospital. *Id.* at 943. Identical allegations are set forth in the initial complaint that is at issue here.

---

[1] Other courts have reached the same conclusion. *See, e.g., Catholic Healthcare West-Bay Area v. Seafarers Health and Benefits Plan*, 321 Fed. Appx. 563, *2008 WL 4951648 (9th Cir. 2008) (where a third party medical provider sues an ERISA plan based on contractual obligations arising directly between the provider and the ERISA plan (or for misrepresentations of coverage made by the ERISA plan to the provider), no ERISA-governed relationship is implicated and the claim is not preempted); *Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1288-1289 (5th Cir. 1988) (an ambulatory surgery provider and/or management group's suit against an ERISA plan for payment is generally not subject to removal because the provider is neither an ERISA "beneficiary" nor a "participant"); *Blue Cross of California v. Anesthesia [ Care] Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1053 (9th Cir. 1999) (holding that providers' claims did not affect the relationship between the plaintiff and its beneficiaries); *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 978 (9th Cir. 2007) (ERISA does not preempt claims by a third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages, because such claims do not "relate" to ERISA preemption); *The Meadows v. Employers Health Insurance*, 47 F.3d 1006 (9th Cir. 1994) (same).

**Plaintiff's Reply to Opposition to Motion to Remand**
**Case #: CV 12-01421-SI**

When the insurance company refused to pay the amount the hospital alleged it was entitled to, the hospital filed suit in state court for breach of an implied contract, breach of an oral contract, negligent misrepresentation, quantum meruit, and estoppel. *Id.* at 944. The insurance company removed the suit to federal court, and the hospital filed a motion to remand, which was denied. *Id.* at 944. The insurance company moved to dismiss, and, after an amended complaint was filed by the hospital, the district court dismissed the action. *Id.* at 944.

On appeal, the *Marin General* court applied the U.S. Supreme Court's analysis in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) and held (on the same facts as those at issue here) that the state law claims were not completely preempted. An analysis of the initial complaint under *Davila* is set forth in the next section.

### D. Under *Davila's* Two-Prong Test, Plaintiff's Causes of Action Are Not Preempted by ERISA

In order to determine whether an asserted state-law cause of action comes within the scope of § 502(a)(1)(B) of ERISA, the U.S. Supreme Court formulated a two-prong test. Under *Davila*, a state-law cause of action is completely preempted if (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210.

"The two-prong test of Davila is in the conjunctive. A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Marin General*, 581 F.3d at 947. Here, neither of the prongs is satisfied.

#### 1. Plaintiff Could Not Have Brought its State-Law Claims under §502(a)(1)(B) of ERISA

The question under the first prong of *Davila* is whether a plaintiff seeking to assert a state-law claim "at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210. Here, as in *Marin General*, the answer is no.

Plaintiff's Reply to Opposition to Motion to Remand
Case #: CV 12-01421-SI

In the initial complaint, Plaintiff does not contend that it is owed monies from United because those monies are owed under the patient's ERISA plan. In the initial complaint, Plaintiff is not complaining about denials of coverage promised under the terms of an ERISA-regulated employee benefit plan. In the initial complaint, Plaintiff is not contending that United violated the terms of an ERISA plan. And last, in the initial complaint, Plaintiff is not suing exclusively as the assignee of an ERISA plan participant or as an ERISA beneficiary. That merely was an alternative theory advanced in the Initial Complaint, which has since been removed by the subsequent filing of an amended complaint.

What this means, of course, is that Plaintiff could not have brought its state-law claims under ERISA. Under ERISA, only a plan participant, beneficiary, employer or fiduciary of an ERISA plan, or the Secretary of Labor acting in the capacity of a public official, are authorized to bring an ERISA-based action. 29 U.S.C. § 1132(a).

As the Ninth Circuit explained:

> Section 1132(a) of ERISA, by its express terms, limits the causes of action that are available under the statute, as well as by whom and against whom they may be brought. For example, in what is the most common cause of action under ERISA, § 1132(a) authorizes a plan participant or beneficiary to bring a civil action to recover benefits due her under the plan or to enforce her rights under the plan or clarify her rights to future under the terms of the plan.

*Toumajian v. Frailey*, 135 F.3d 648, 656 (9th Cir. 1998). No other person has standing to maintain an ERISA action. *Harris v. Provident Life & Accident Insurance Company*, 26 F.3d 930, 933 (9th Cir. 1994).

The bottom line is that not one of Plaintiff's claims as alleged in the initial complaint could have been brought under ERISA § 502(a)(1)(B). Instead, just like the plaintiff in *Marin General*, Plaintiff is suing in its own right pursuant to independent obligations that have nothing to do with ERISA. *See, e.g.,* Initial Complaint, ¶ 11 ("This case is not pre-empted by Federal ERISA law, because plaintiff has alleged direct causes of action against its patient's insurer, for

**Plaintiff's Reply to Opposition to Motion to Remand**
**Case #: CV 12-01421-SI**

breach of contract, negligent misrepresentation, promissory estoppel and equitable estoppel. [Citing cases].")

Therefore, the first prong of *Davila* is not satisfied and ERISA does not preempt this action.

### 2. Each of Plaintiff's Claims Rely on Legal Duties that are Independent from Duties under any Benefit Plan

The question under the second prong of *Davila* is whether "there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." *Marin General*, 581 F.3d at 949.

Here, Plaintiff relies on California state law to allege a breach of contract; violations of California Business and Professions Code section 17200 *et seq.*;[2] negligent misrepresentation; promissory estoppel; and equitable estoppel. Here, Plaintiff seeks to remedy violations of legal duties that are independent of ERISA; i.e., Plaintiff has set forth its own independent causes of action against United, separate and apart from those that could be asserted by the patient, or by any assignee of that patient's rights. Plaintiff also maintains direct and completely separate causes of action against United based on promises made by United directly to Plaintiff. *See Hermann Hospital v. MEBA Medical & Benefits Plan* (5th Cir. 1988) 845 F. 2d 1286, 1288-1289.

Consequently, Plaintiff's causes of action are not preempted by ERISA.

/ / /
/ / /
/ / /
/ / /

---

[2] United relies upon *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1225 (9th Cir. 2005) in arguing that "suits alleging improper handling of ERISA plan claims brought under § 17200 are completely preempted by ERISA." Opposition, 5:26 to 6:1. *Cleghorn*, however, is distinguishable from the instant case. Critically, *Cleghorn* involved an individual plaintiff whose claim for medical benefits under an ERISA plan was denied by the insurer. *Id.* at 1223. Here, by contrast, Plaintiff is the healthcare provider (not the patient, "participant" or "beneficiary"), which is alleging independent state-law claims based on affirmative promises and misrepresentations made by United to Plaintiff. Unlike in *Cleghorn*, Plaintiff here is not seeking reimbursement of medical treatments under a health benefit plan.

**Plaintiff's Reply to Opposition to Motion to Remand**
**Case #: CV 12-01421-SI**

### E. Even if Plaintiff Had Not Pleaded its Claims in the Alternative, the Fact that the Patient Executed an Assignment of Benefits Does Not Operate to Convert Plaintiff's State –Law Causes of Action into Federal Claims

ERISA does not preempt claims by a third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages, because such claims do not "relate" to ERISA preemption. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 978 (9th Cir. 2007). Plaintiff is a third party who has sued United as an independent entity claiming damages. The mere fact that Plaintiff acted prudently in obtaining an appropriate assignment of benefits from the patient does not preclude it from pursuing its own claims as an independent entity.

In *Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.*, 187 F.3d 1045, 1047 (9th Cir. 1999), the Ninth Circuit decided "whether the claims of medical providers against a health care plan for breach their provider agreements are preempted by [ERISA]." Providers of medical services sued Blue Cross for breach of contract, alleging that Blue Cross had improperly changed the fee schedule according to which providers were to be compensated. *Id.* at 1048. Blue Cross argued that the providers' right to receive reimbursement from Blue Cross depended upon the assignment of the right to benefits for payment for medical services from their patients. *Id.* at 1050. Therefore, Blue Cross argued (as United does here), that the providers' claims were unavoidably "claims for benefits under the terms of ERISA benefit plans and fall within § 502(a)(1)(B)." *Id.*

The Ninth Circuit disagreed. It wrote that the providers did not contend that Blue Cross had violated the terms of an ERISA plan, but rather that it had breached a separate contract. *Id.* at 1051. The patients in *Blue Cross* had assigned their ERISA rights to the providers, so providers would have had standing to pursue those rights under § 502(a)(1)(B) had they wished to do so. *Id.* But the court in *Blue Cross* explained that the providers were suing based upon different asserted legal obligations. *Id.* The mere fact that the providers could have brought suit against Blue Cross under § 502(a)(1)(B) did not automatically mean that the providers could not

**Plaintiff's Reply to Opposition to Motion to Remand**
**Case #: CV 12-01421-SI**

bring some other suit against Blue Cross based on some other legal obligation. *See also Marin General*, 581 F.3d at 948 (discussing *Blue Cross* and finding that it is consistent with the Supreme Court's decision in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

Therefore, the mere fact that Plaintiff included an allegation in its Initial Complaint that the patient had executed an assignment of benefits does not operate to convert Plaintiff's state-law claims into federal claims. For this reason, the Court should grant Plaintiff's Motion for Remand.

### F. Attorney Fees Should Be Awarded to Plaintiff

For all of the reasons set forth in Plaintiff's Motion to Remand, attorney fees are appropriately awarded to Plaintiff here.

### III. CONCLUSION

This case has been improperly removed. As a result, this Court should remand the action because it has no subject matter jurisdiction to decide the case.

Dated: July 9, 2012                **LAW OFFICES OF NICOLAS LEZOTTE, P.C.**

By:   /S/
     Heather E. Gibson,
     Attorney for Plaintiff,
     BAY AREA SURGICAL
     MANAGEMENT, LLC