IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA SURGICAL MANAGEMENT, LLC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED HEALTHCARE INSURANCE COMPANY, DOES 1-25, inclusive, <br><br> Defendants. | No. C 12-01421 SI <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff's motion to remand this case to Santa Clara County Superior Court, where it was filed, and defendant's motion to dismiss are scheduled for hearing on August 10, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to remand, and accordingly, need not address defendant's motion to dismiss.

**BACKGROUND**

On February 10, 2012, plaintiff Bay Area Surgical Management, LLC. ("BASM") filed this action in the Superior Court of the State of California, County of Santa Clara, against United Healthcare Insurance Company ("United"). Plaintiff asserted five causes of action for (1) breach of contract, (2) violation of California Business & Professions Code § 17200 *et seq.*, (3) negligent misrepresentation, (4) promissory estoppel, and (5) equitable estoppel. FAC ¶3. These claims stem from an April 20, 2011 telephone conversation between a BASM employee and a United employee, during which United allegedly authorized and orally agreed to compensate BASM for 70% of the approved surgical procedures to be performed by BASM on a patient (the "patient") insured by United. *Id.* ¶20. After BASM verified authorization and compensation for the surgery, Dr. Cameran Nezhat performed the

patient's surgery. *Id. ¶21*. BASM alleges that despite its numerous attempts to obtain payment from United, United paid only $9,216.61 or approximately 8% of the billed amount of $129,681. *Id. ¶¶7, 22-27, 33*. BASM asserts that United owes $81,560.51 under the oral contract, but BASM seeks only $74,500. *Id. ¶33*.

On March 21, 2012, United removed this action to federal court on the basis of federal question jurisdiction, asserting that BASM's claims were completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 101 *et seq*. On May 4, 2012, BASM filed a first amended complaint ("FAC") which, *inter alia,* removed any reference to the assignment of benefits that BASM obtained from the patient to eliminate any cause of action arising under federal law. On May 21, 2012, United filed a motion to dismiss. On June 15, 2012, BASM filed a motion to remand this case to state court on the basis that this Court lacks subject matter jurisdiction.

**LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

Upon a defendant's removal of a case to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If the district court has subject matter jurisdiction, the court "shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy." 28 U.S.C. § 1367(a). However, if the court chooses, it may in its discretion "remand all matters in which State law predominates." 28 U.S.C. § 1441(c). Moreover, a district court has the discretion to remand a properly removed case to state court when no federal claim remains, "upon a proper determination that retaining

2

jurisdiction over the case would be inappropriate." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 2001). In deciding whether to remand, courts should "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon*, 484 U.S. at 350. The Supreme Court in *Carnegie-Mellon* noted that a district court has "a powerful reason to choose not to continue to exercise jurisdiction" when all federal claims have been eliminated at an early stage of the litigation. *Carnegie-Mellon*, 484 U.S. at 350-51.

## DISCUSSION

BASM moves this Court to remand this case to state court on the basis that BASM's FAC does not include federal claims, and therefore this Court now lacks subject matter jurisdiction. The Court finds that the removal of this case was proper, as state law claims in the original complaint were subject to complete preemption under ERISA. However, in light of the amended complaint, the Court finds that the existing state law claims are not subject to ERISA preemption. Therefore, the Court does not have subject matter jurisdiction over the amended complaint and, given the early stage of litigation, declines to exercise supplemental jurisdiction over the remaining state law claims and remands this action to state court.[1]

### I.   Removal of Original Complaint was Proper

United removed this case to federal court because the heart of BASM's original complaint was that United wrongfully refused to pay benefits that were due under an ERISA-governed benefit plan.[2] Under *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), a state law claim is completely preempted by section 1132(a) of ERISA – and, therefore, subject to removal – if the state law claim meets a two-prong test: (1) the plan participant or beneficiary could have brought the claim under section 1132(a) of

---

[1] This result is consistent with the recent decision of Judge Koh in *Bay Area Surgical Mgmt., LLC v. Blue Cross Blue Shield of Minn., Inc.,* 12-CV-0848-LHK, 2012 WL 2919388 (Koh, L.) (N.D. Cal July 17, 2012). The procedural posture and allegations asserted in that case are substantively identical to the posture and allegations in the case before this Court. Judge Koh found removal of the original claims appropriate as some of the state law claims were preempted under ERISA, but declined to exercise supplemental jurisdiction over the amended, non-preempted, claims.

[2] The parties do not dispute that the patient's health care plan with United is an ERISA-governed benefit plan.

3

1  ERISA[3]; and (2) no other legal duty, independent of ERISA, is implicated by a defendant's actions.[4]
2  A state law cause of action is completely preempted by ERISA only if both prongs of the *Davila* test
3  are satisfied. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947 (9th Cir. 2009).

4  In the original removed complaint, BASM's first and second state law causes of action met the
5  first and second prongs of the *Davila* test, and were thus completely preempted by ERISA §1132(a).
6  BASM's first cause of action was for breach of contract, and BASM alleged that, "[a]s a result of the
7  breach of Defendant UNITED, in the obligations pursuant to the written contract with the patient, who
8  has assigned her rights to BASM . . . $81,560.51 is now due, owing and unpaid." Compl. ¶35. BASM's
9  second cause of action was for violation of California Business & Professions Code § 17200 *et seq.*
10 based on United's failure to honor its oral contract and bad faith attempt at settlement. BASM alleged
11 that United "unlawfully refused to honor the terms of its written contract with the patient . . . giving rise
12 to BASM's claim to damages . . . ." *Id.* ¶41.

13 Both causes of action in the original complaint met the first prong of the *Davila* test because
14 BASM brought those claims pursuant to the patient's assignment of her ERISA plan rights to BASM.
15 According to BASM, the patient and United "entered into a written contract whereby UNITED agreed
16 to tender payment in the amount of 70% of the authorized, billed price for qualified surgical
17 procedures." *Id.* ¶35. BASM alleged that prior to surgery United authorized the surgery, and that the
18 patient "assigned all of her rights to any payment due to her from UNITED to BASM . . ." *Id.* ¶19.
19 Thus, the original complaint clearly stated that BASM was suing pursuant to the patient's assignment
20 of rights to BASM to recover payments owed for her surgery. The patient could have brought suit under
21 section 1132(a) of ERISA. Accordingly, both causes of action met the first prong of the *Davila* test.

22 The first and second causes of action of the original complaint also met the second prong of the
23 *Davila* test. As Judge Koh found in *Bay Area Surgical Mgmt., LLC/Blue Cross*, "these causes of action
24 . . . arise from [defendant's] legal duty to comply with the terms of its ERISA plan agreement with the

---

[3] Section 1132(a)(1)(B) provides that a civil action may be brought by a participant or beneficiary to recover benefits due under an ERISA plan. 29 U.S.C. § 1132.

[4] For example, a contract between a medical service provider and a medical insurer creates legal duties independent of ERISA. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 948 (9th Cir. 2009).

4

1  patient, and do not implicate any ERISA-independent legal duty." 12-CV-0848-LHK, 2012 WL
2  2919388, at *6. Although BASM expressly reserved the right to sue on its own behalf, BASM's
3  original complaint asserted claims that were dependent on ERISA.

4  Because BASM's first and second state law causes of action in its original complaint met both
5  prongs of the *Davila* test, these claims were completed preempted by ERISA, and thus removal of the
6  case from state to federal court was proper.

7  Although the Court finds removal of this case proper, this does not end the Court's inquiry.
8  While jurisdiction for purposes of removal is determined based on the allegations of the original
9  complaint, the Court may consider whether subsequent amendments to the operative claims eliminate
10 jurisdiction. *Sparta Surgical Corp. v. National Ass'n of Securities Dealer, Inc.,* 159 F.3d 1209, 1213
11 (9th Cir. 1998) (finding removal jurisdiction based on the original complaint); *see, e.g., Baddie v.*
12 *Berkeley Farms, Inc.* 64 F.3d 487, 490-91 (9th Cir. 1995) (finding it proper for a plaintiff to eliminate
13 federal claims and move for remand after removal); *Bay Area Surgical Mgmt.*, LLC, 12-CV-0848-LHK,
14 2012 WL 2919388, at *8. If federal question jurisdiction no longer exists, the court must decide
15 whether to exercise jurisdiction over the state law claims.

16

17 **II.    Claims in the FAC are not preempted by ERISA**

18 Although BASM's FAC includes five state law causes of action that are identical to the causes
19 of action in the original complaint, the allegations supporting the amended claims are different and fail
20 the two-prong *Davila* test for complete preemption under ERISA. BASM's FAC, *inter alia,* does not
21 include any reference to the patient's assignment of ERISA rights to BASM. Rather than asserting
22 claims on behalf of the patient, as it did in its original complaint, BASM's amended causes of action
23 arise from the alleged oral contract between BASM and United, in which United allegedly agreed to pay
24 70% of the patient's surgery costs.[5]

25 Even though providers receive an assignment of a patient's medical rights and could have
26 brought suit under ERISA, there is no "basis to conclude that the mere fact of assignment converts the

27
28    [5] Plaintiff's negligent misrepresentation, promissory estoppel, and equitable estoppel claims are similarly based on United's alleged representation that it would pay BASM 70% of the cost of the surgery.

5

Providers' claims . . . into claims to recover benefits under the terms of an ERISA plan." *Marin Gen. Hosp.*, 581 F.3d at 949 (quoting *Blue Cross of Cal. v. Anesthesia Care Associates Medical Grp., Inc.*, 187 F.3d 1045, 1052 (9th Cir.1999)). Here, BASM no longer brings claims on behalf of the patient, rather its claims stem from an alleged oral contract directly between United and BASM. Like the plaintiffs of *Marin Gen. Hosp.* and *Blue Cross of Cal.,* BASM's amended state law claims are based on its alleged oral contract with and promises made by defendant to BASM. These claims were not brought, and could not have been brought, under ERISA. As such, BASM's amended state law claims fail the first prong of the *Davila* test. *See also Bay Area Surgical Mgmt., LLC,* 12-CV-0848-LHK, 2012 WL 2919388, at *10.

Similarly, BASM's amended state law claims fail the second prong of the *Davila* test. The second prong of *Davila* asks whether "there is no other independent legal duty that is implicated by a defendant's actions." 542 U.S. at 210. State claims that are based on an independent legal duty do not satisfy the second prong of *Davila. Marin Gen. Hosp.,* 581 F.3d at 950. As stated above, BASM's amended state law causes of action arise from an alleged oral contract and promises between BASM and United. BASM is suing on its own right pursuant to an independent obligation, and its claims would exist regardless of an ERISA plan. In other words, BASM's "claims do not rely on, and are independent of, any duty under an ERISA plan." *Id.* at 949. As such, BASM's state law claims also fail the second prong of the *Davila* test.

Because BASM's amended state law causes of action fail both prongs of the *Davila* test, these claims are not completely preempted by ERISA, and the complaint is devoid of any federal claims. *See also Bay Area Surgical Mgmt., LLC,* 12-CV-0848-LHK, 2012 WL 2919388, at *8.

### III.  Continued jurisdiction over state claims

Relying on *Sparta Surgical Corp.*, United contends that federal jurisdiction should be determined on the basis of the pleadings filed at the time of removal without reference to subsequent amendments. 159 F.3d at 1213. The Ninth Circuit in *Sparta Surgical Corp.* held that a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based. *Id.* The Ninth Circuit found that the "district court correctly concluded that subject matter jurisdiction

6

existed at the time of removal, and denied Sparta's remand motion." *Id.* However, this Court agrees that although *"Sparta* held that no right to remand existed," the Ninth Circuit "did not address whether the court could have remanded by exercising its discretion to decline supplemental jurisdiction over the remaining state court claims." *Bay Area Surgical Mgmt.,* 12-CV-0848-LHK, 2012 WL 2919388, at *8.

A district court has the discretion to remand a properly removed case to state court when no federal claim remains. *See Carnegie-Mellon University,* 484 U.S. at 357; *Harrell*, 934 F.2d at 205. When "all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University*, 484 U.S. at 350; *Acri v. Varian Associates, Inc.*, 114 F.3d 999 (9th Cir.1997). As discussed above, this case was properly removed, but the amended complaint is now devoid of federal claims. Accordingly, the Court lacks federal question jurisdiction over the FAC. The other ground for federal subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332(a). A federal district court has diversity jurisdiction where the matter in controversy exceeds $75,000 and is, *inter alia,* between citizens of different states. 28 U.S.C. § 1332(a). Here, plaintiff seeks damages of $74,500, below the requisite $75,000 for diversity jurisdiction. Accordingly, the Court lacks diversity jurisdiction over the FAC.

The Court lacks both federal question and diversity jurisdiction over the FAC, and it is within this Court's discretion to exercise supplemental jurisdiction over the remaining claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009); 28 U.S.C. § 1367(c). In deciding whether to remand, courts should "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon*, 484 U.S. at 350. A district court has "a powerful reason to choose not to continue to exercise jurisdiction" when all federal claims have been eliminated at an early stage of the litigation. *Id.* at 350-51. Here, the federal claims were eliminated at the pleading phase, and in the interests of judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction and remands the remaining claims to state court.

///

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand this complaint to the Superior Court of the State of California, County of Santa Clara. Docket No. 9 and 16.

**IT IS SO ORDERED.**

Dated: August 6, 2012

SUSAN ILLSTON
United States District Judge